## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Z'IONTAE L. WOMACK,                      )
Substitute Party Plaintiff, as Administrator   )
of the estate of LIONEL A. WOMACK         )
                                         )
            Plaintiff,       )
                                         )
v.                                       )   Case No.: 20-2638-HLT-GEB
                                         )
JEREMY RODRIGUEZ                         )
                                         )
            Defendants.      )
_____ )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Jeremy Rodriguez' Motion for Determination of Place of Trial, ("Motion") (**ECF No. 60**).  After review of the Motion and all related briefing[1] the Court is prepared to rule.  For the reasons stated below, Defendant's Motion **(ECF No. 60)** is **DENIED**.

## I.    **Background[2]**

This case was originally brought by Lionel A. Womack pursuant to 42 U.S.C. § 1983, seeking damages for injuries he claims were caused by Defendant.  Plaintiff alleges, after being pulled over by law enforcement, Mr. Womack exited his vehicle and ran into a

---

[1] Defendant's memorandum in Support (ECF No. 61), Plaintiff's Memorandum in Opposition (ECF No. 64), and Defendant's Reply (ECF No. 69).
[2] Unless otherwise indicated, the information in this section is taken from the Complaint (ECF No. 1), Answer (ECF No. 4) and the briefs regarding place of trial.  This background information should not be construed as judicial findings or factual determinations.

nearby open field.  Defendant, in his patrol truck, pursued Mr. Womack, who was on foot. Plaintiff alleges Defendant intentionally struck Mr. Womack causing serious injuries.

Defendant generally denies Plaintiff's claims, including that he intentionally struck Mr. Womack with his patrol truck.  Further expanding the facts of this case, Defendant argues Mr. Womack led law enforcement on a multi-county pursuit through Reno County, Pratt County, and ending in Kiowa County.  Defendant acknowledges pursuing Mr. Womack, but indicates he accidentally struck him with his patrol truck.  The Defendant also alleges one week prior to the chase that resulted in this lawsuit, Mr. Womack was in a high-speed pursuit with law enforcement that extended from Oklahoma through Seward County, Kansas, and ending in Meade County, Kansas.

Since the filing of his action, Mr. Womack passed away in late November 2021. Defendant filed a Suggestion of Death (ECF No. 53), and on May 27, 2022, the Court entered an order (ECF No. 56) substituting Z'iontae L. Womack, administrator of Lionel Womack's estate, as Plaintiff.

## II.    Defendant's Motion to Designate Wichita, Kansas as Location of Trial (ECF No. 60)

Plaintiff, in the Complaint, designated Kansas City, Kansas as the place of trial. (ECF No. 1). In his Answer, Defendant counter-designated Wichita, Kansas as place of trial (ECF No. 4). The issue of location of trial was discussed by the parties and this Court at the initial scheduling conference on April 13, 2021.  The Court determined if the parties could not come to agreement regarding place of trial, the issue would be addressed during the pretrial conference. (ECF No. 11).  On June 10, 2022, the Court held a status conference

and ordered the parties to file any motions regarding place of trial by June 24, 2022.[3]  On

June 24, 2022, Defendant filed the subject Motion seeking to hold the trial in Wichita,

Kansas. (ECF No. 60).

Defendant contends there is no connection to Kansas City in this case, aside from it

being the location of Plaintiff's counsel.[4]  Further arguing trial should be in Wichita based

upon: 1) the Plaintiff's choice of forum should be given little weight because the facts

giving rise to this lawsuit took place in southwest Kansas; 2) there are at least 17 potential

witnesses who reside substantially closer to Wichita than Kansas City, although Defendant

concedes he may not call more than eight of those identified; 3) a fair trial can be had in

Wichita; and 4) the considerable cost to the witnesses in the form of hotel, mileage, meals

and potential missed days from work for travel to Kansas City.[5]  The Court notes

Defendant's residence or his location is not discussed by either party.[6]

Plaintiff contends Mr. Womack's (and her) choice of trial location as Kansas City

is entitled to deference.  Plaintiff agrees the incident giving rise to this case did not take

place near Kansas City, but argues the deceased resided in Kansas City, the substitute

Plaintiff resides in Kansas City, and Mr. Womack's estate is being probated in Wyandotte

County, Kansas.[7]  Plaintiff further contends, of the 17 potential witnesses identified by

Defendant, only two have been deposed, and both depositions were videotaped, which

---

[3] ECF No. 59.
[4] ECF No. 61.
[5] *Id.*, ECF No. 69.
[6] *Id.,* ECF No. 64.
[7] *Id.*

negates the need for them to appear in person for trial.[8] Finally, Plaintiff argues Defendant neither overcomes the deference the Court should give to the Plaintiff's choice of forum, nor does Defendant offer a compelling reason to move the location of trial, and, as such, he ultimately fails to meet his burden to show Kansas City would be an inconvenient forum.

### A.      Legal Standard

Although the parties are required to designate a place of trial in their pleadings, D. Kan. Rule 40.2(e) clarifies the Court is not bound by the parties' requests regarding place of trial and may determine the place of trial upon motion by any party.[9]   The district court has broad discretion to decide the location of trial "based on a case-by-case review of convenience and fairness."[10]  When considering an intra-district transfer, "the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."[11] Section 1404(a) provides in relevant part: "For the convenience of the *parties* and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[12]

As the parties correctly point out, when determining the place of trial, the Court must consider: (1) Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair

---

[8] *Id.*

[9] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (citing D. Kan. Rule 40.2).

[10] *Id.* (citing *Twigg v. Hawker Beechcraft Corp.,* 2009 WL 1044942, at * 1–2 (D. Kan. Apr. 20, 2009) (noting the "courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)").

[11] *Twigg* at *1.

[12] 28 U.S.C. § 1404(a)(emphasis added).

trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[13]

"It is the moving party's burden to show that the designated forum is inconvenient."[14] "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."[15] However, when "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[16]

## B.    Discussion

The Court considers all relevant factors in its analysis of Defendant's Motion.

### 1.    Plaintiff's Choice of Forum

Regarding the first factor, both Mr. Womack and substitute Plaintiff lived and currently reside in Kansas City, Kansas. A plaintiff's chosen trial setting should be respected and is generally not disturbed.[17] But, it is given less weight if the plaintiff resides

---

[13] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue) (citing *Lopez-Aguirre*, 2014 WL 853748, at *1; *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).

[14] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[15] *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992).

[16] *Bright*, 2018 WL 398450, at *2 (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007)  (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006))).  *See also Lopez-Aguirre*, 2014 WL 853748 at *1-2 (citing *Twigg*, 2009 WL 1044942, at * 1–2) (noting "because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.")

[17] *See Roberts v. Sedgwick County Sheriff's Dep't,* No. 02–2337–JWL, 2004 WL 726822, at*1 (D. Kan. April 2, 2004) (citing *Wiggans,* 2002 WL 731701, at *1 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 265–66 (1981)).

outside the forum of choice and "little weight" where the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[18]

In this matter, Mr. Womack resided and worked in Kansas City, and the substitute Plaintiff does as well. Although Plaintiffs chose trial in the city of their residence, the facts giving rise to this lawsuit took place across counties in south central Kansas.  As such, the Court affords Plaintiff's trial location weight, albeit "little weight."[19]

## 2.     Convenience for Witnesses, Accessibility of Witnesses and Other Sources of Proof

The court considers the relative convenience of the forum a "primary, if not the most important, factor to consider."[20] As the party seeking to move the location of trial, the Defendant "must establish that the proposed forum [Kansas City], is 'substantially inconvenient,' meaning that 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.'"[21]  This requires Defendant to adequately demonstrate more than a showing that Wichita is "marginally more convenient."[22] To meet this burden, Defendant must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions

---

[18] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1168 (10th Cir. 2010), (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D.Kan.1993)).
[19] *Id.*
[20] *LeTourneau*, *v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015)).
[21] *Id.*
[22] *LeTourneau* at *3, (quoting *Hughes v. Blue Cross Blue Shield of Kan., Inc*., No. 12-2339 JTM, 2012 WL 3644845, at *2 (D. Kan. Aug. 24, 2012) (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *2 (D. Kan. Aug. 22, 2007)).

from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[23]

The Defendant identifies "potential" law enforcement witnesses and their locations but goes no further in his attempt to indicate the quality or materiality of their testimony, whether and why deposition [or video] testimony would be unsatisfactory, and if compulsory process would be required to ensure the witness' presence at trial.[24] At this juncture in the case, when discovery is nearing completion, all of this information should be readily available.

While the Defendant argues Wichita is more convenient and accessible for the witnesses, there is no argument that any other sources of proof are unavailable if trial is held in Kansas City and there do not appear to be concerns about the ability to compel law enforcement witnesses to either travel or to testify in court.

The Court is also directed to consider the convenience of the parties with regard to a transfer of the trial location.[25] Presumably, both parties will be witnesses at trial in this matter, and there is no information regarding the residence of Defendant or which trial location is closer to his residence in any of the briefing.[26] But, having the trial in Wichita would be a clear inconvenience to the Plaintiff, as she resides in Kansas City.[27] Further, due to the Defendant's inability to provide the Court with information relating to the quality

---

[23] *Id.* (quoting *McDermed v. Marian Clinic, Inc, et al.*, 2014 WL 6819407, at *2 (internal quotation marks and other citations omitted)).
[24] ECF Nos. 61, 69.
[25] 28 U.S.C. § 1404(a).
[26] *See* ECF Nos. 61, 64, 69.
[27] ECF No. 64.

or materiality of those witness' testimony, whether and why deposition [or video] testimony would be unsatisfactory, and if compulsory process would be required to ensure the witness' presence at trial, this factor weighs in favor of Plaintiff.

### 3.      Possibility of Obtaining a Fair Trial

Neither party asserts any argument regarding the inability to have a fair trial in either location.  The Court agrees the parties would be afforded a fair trial whether held in Wichita or Kansas City, making this factor neutral.

### 4.      Other Practical Considerations

The final factor reviewed by the Court includes "all other practical considerations that make a trial easy, expeditious, and economical."[28] Defendant argues the fact witnesses located in southwest Kansas would be more financially impacted by trial in Kansas City than Wichita, due to costs of fuel, the need for overnight lodging in Kansas City, additional meals for travel to Kansas City, and time lost at work.  This court agrees it "may consider the potential for delay in calling witnesses and the potential cost of the witnesses being absent from work when required to travel three hours to Kansas City."[29] Plaintiff, also a witness in this case, would have those same lodging and financial barriers were the case tried over a period of seven to ten days in Wichita.  Furthermore, whereas the Defendant's fact witnesses would likely travel for one, perhaps two, days to testify, the Plaintiff and the Defendant must be present in Court for the duration of trial, making the financial burden substantial when the Court factors in the costs of meals and lodging for seven to ten days.

---

[28] *Escalante*, 2018 WL 4341268, at *3 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).
[29] *Bright v. BHCMC, LLC.,* No. 17-2529-JWL-GEB, 2018 WL 398450 (D.Kan. Jan 12, 2018).

The fact that Defendant does not indicate his current residence or location makes it difficult for the court to truly interpret any hardship on his part.

It is reasonable to anticipate, whether the trial is in Wichita or Kansas City, overnight lodging and the cost of meals could occur with regard to both parties and witnesses testifying at trial.  Absence from work could also be a consideration to either party or their witnesses if the trial is held in either Kansas City or Wichita.

In his motion, of the 17 potential witnesses, Defendant identifies at least 11 law enforcement witnesses' "locations" around southwest Kansas, eight of which Defendant intends to call at trial in addition to four medical personnel -- none of whom would be required to be at trial in its entirety.

On its face, a mileage review indicates travel from the cities where Defendant's witnesses reside to Wichita, Kansas range from 78-177 miles.  The same cities to Kansas City, KS range from 274-373 miles.[30] This is a significant difference in travel, which increases the expense to witnesses in the form of fuel, and perhaps missed work.  But the court must also consider the impact on Plaintiff, also a witness in the case, who would either lodge overnight for the length of the seven-to-ten-day trial were it held in Wichita, travel 199 miles to and from Kansas City, Kansas, each day, or a combination of both.

This, in the Court's opinion boils down to a balance of the cost of fuel and meals per potential witness for at least one day of testimony versus Plaintiff's choice of forum and having to lodge overnight and bear the cost of meals for a period of seven to ten days

---

[30] ECF No. 61.

or travel back and forth from Kansas City to Wichita each day for seven to ten days. And, the fact that testifying in court is a part of the duties of a law enforcement officer, particularly those witnessing the events involved in this lawsuit, suggests a reasonable likelihood the testifying officers would be at least partially reimbursed for their travel expenses, including time away from work, mileage, lodging, and meals. Upon this consideration, the Court goes back to the spirit of a plaintiff's choice of forum. "Unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."[31] A reasonable and practical consideration in this instance weighs in favor of Plaintiff.

Plaintiff's counsel is in the Kansas City area, and Defendant's counsel is in Wichita. However, the Court views the location of counsel as less important to the analysis, as have many other courts in this District.[32]

## III.    Conclusion

The burden lies with Defendant to convince the Court Kansas City is substantially inconvenient and for the location of trial to be moved. As described above, and in consideration of rules of the District of Kansas and applicable caselaw, Plaintiff's

---

[31] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[32] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 121118, at *3 (D. Kan. Jan. 7, 2019) ("our court usually gives the convenience of counsel 'little if any weight'") (quoting *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); also citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D.  Kan.  Apr. 19, 2007); but comparing *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) ("[T]he fact that counsel both for [defendant] and for plaintiffs have their offices in the Kansas City area, [which is plaintiffs' choice of forum,] weighs against the requested transfer" to Topeka).

designation of Kansas City as the location of trial is reasonable and appropriate under the circumstances of this case.  While it is certainly conceivable that non-party witnesses identified by the Defendant will be located within a day's drive of Wichita, overnight lodging is a real possibility in both forums as well.  Also, Defendant has conveyed neither the location of Defendant himself, nor the quality, materiality or the importance of the non-party witnesses' testimony, and that which can be presented via video or deposition transcript.  Based on the foregoing, the Court finds, at this time, the balance and the factors the Court is required to consider, together with the Court's broad discretion, weighs in favor of Plaintiff.[33]   Therefore, the Court **DENIES** the Defendant's motion for Wichita, Kansas to be the designated place of trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Designate Wichita as the Place of Trial (**ECF No. 60**) is **hereby DENIED**.  The trial in this matter shall occur in Kansas City as initially designated by Plaintiff.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of September 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[33] *Nkemakolam* at 1248 ("This statute [28 U.S.C. § 1404 (a)] grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness.").